24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alfredo Patrick ACOSTA, Plaintiff,
and
Rose Malfabon, Applicant-in-Intervention/Appellant,
v.
TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation,
et al., Defendants-Appellees.
 No. 93-17088.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rose Malfabon appeals the district court's denial of her motion for Fed.R.Civ.P. 54(b) certification of the court's order denying her motion to intervene as a plaintiff in this diversity action. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Alfredo Patrick Acosta filed this action against Toyota Motor Sales, U.S.A., Inc., et al. after his daughter was killed in a car accident. Toyota filed a third-party complaint against Malfabon, the victim's mother, who had previously settled with Toyota. Malfabon filed a counterclaim against Toyota and a cross-claim against her former counsel. On July 11, 1991 the district court dismissed Toyota's third-party complaint, and on November 21, 1991 it dismissed Malfabon's counterclaim and cross-claim, thereby removing Malfabon from the action.
 
 
 4
 Malfabon then moved to intervene as a plaintiff. The district court denied the motion on January 8, 1992. Malfabon moved for reconsideration, or, alternatively, for certification for appeal under Fed.R.Civ.P. 54(b). On March 13, 1992 the court denied reconsideration without addressing the Rule 54(b) certification. Malfabon did not appeal.
 
 
 5
 On September 27, 1993 the district court denied Malfabon's request for Rule 54(b) certification. Malfabon filed her notice of appeal from that order on October 27, 1993.
 
 
 6
 The district court's order denying Rule 54(b) certification is not appealable. See McCall v. Deeds, 849 F.2d 1259 (9th Cir.1988). While one or more of the previous orders might have been appealable,[1] Malfabon's failure to timely appeal them deprives this court of jurisdiction to review them. See Fed.R.App.P. 4(a)(1); Alexander v. Sacha, 439 F.2d 742 (9th Cir.1971).
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not decide whether we would have had jurisdiction in a timely-filed appeal from a previous order